UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| Phillip Yun, | Civil Action No. 1:14CV91 |
|           Intervening Plaintiff, | TSE/IDD |
|   v. | |
| Natalie Lee, | |
|           Plaintiff, | |
|   v. | |
| Michael (Soo Yeol) Kim, | |
|           Defendant. | |

**DEFENDANT MICHAEL (SOO YEOL) KIM AND INTERVENING PLAINTIFF
PHILLIP YUN'S RESPONSE TO PLAINTIFF NATALIE LEE'S  SECOND
MOTION FOR TEMPORARY RESTRAINING ORDER**

## PRELIMINARY STATEMENT

This Court has stated that too much ink has already been spilled continuing the fight of a prior divorce.  Exhibit A, p. 16, pgphs 22,23.

Defendant Michael Kim and Intervening Plaintiff Phillip Yun have no desire to extend the prior divorce proceeding, and have wanted this matter resolved from the outset.  Unfortunately, this is now the seventh motion filed by Plaintiff Natalie Lee, and the Second Motion for Temporary Restraining Order within a week.

The Court has already denied one TRO stating that the *Winter* test had not been met.  *Winter v. NRDC*, 555 U.S. 7, 129 S. Ct. 365, 374-76, 172 L. Ed. 2d 249 (2008).  Exhibit A, p. 25, pgph. 2.  It is also the Court's belief that this issue should be decided based on ownership of the trademark, and that all other issues should fall into place after that determination.  Exhibit A, pages 15-17.  The parties agree, and this Second Motion for Temporary Restraining Order doesn't change the importance of the ownership determination.

Nevertheless, Mr. Yun and Mr. Kim disagree with Ms. Lee's interpretations of the events of one day of business, as Mr. Yun has begun the process of using the trademark SANDWICHES BY PHILLIP.  Exhibit B.  As there is a process for changing a brand, Ms. Lee's second Motion for Temporary Restraining Order is just another way of asking for reconsideration of a ruling made one week earlier.

Mr. Yun hopes this matter will be fully resolved at Summary Judgment so that both parties can move on with their businesses.  It appears the Court feels the same way.  Exhibit A, p.24.  However, Mr. Yun is skeptical that Ms. Lee will ever follow the

language of the divorce agreement from 2008, or abide by this Court's ruling.  Exhibit C.

Nevertheless, Mr. Yun has attached a significant number of documents showing the changes made and still to be made to his restaurant at 440 First Street, in Washington, D.C.  Exhibit B.  Mr. Yun did not have to rebrand his restaurant at this location; as a show of good faith, he did so, but as he is the owner of the CAFÉ PHILLIPS trademark outside of one location, he was under no obligation to do so.

The divorce agreement clearly states that Ms. Lee has rights in a location on 50 F Street, and that Mr. Yun has all other interests wherever and whenever they may be. There can be no question about the validity and scope of this provision.  As Mr. Yun's expert, Shannon Kroeger, Esq., has stated, "family law attorneys in our area do not typically draft residual or catch-all provisions for specific businesses.  Paragraph 22(b) is clear in its intent to provide Phillip Yun his separate interest in any and all CAFÉ PHILLIPS restaurants other than the 50 "F" Street location.  The MSA and AMSA do not preclude Phillip Yun from opening additional CAFÉ PHILLIPS restaurants."  Exhibit C. Mr. Yun has relied on this language in seeking licenses over the past five (5) years, and in opening a restaurant on 440 First Street.

The Court has indicated that the parties both have ownership rights in the mark CAFÉ PHILLIPS.  Exhibit A, p. 25.  In determining the extent of those rights, the divorce agreement clearly states that Ms. Lee's rights are for 50 F Street.  No other rights are claimed.  This agreement is not a non-compete agreement; in fact, Mr. Yun has used non-compete agreements before, and the language in that agreement is noticeably different from the divorce agreement.  Exhibit D.

Mr. Yun has also attached additional evidence supporting his ownership rights,

including, but not limited to, the Korean trademark registration in his name, news articles discussing his ownership, corporate documents he has filed in his name, and license agreements with third parties.  In addition, Mr. Eduardo Trujillo, the owner of Navigator Real Estate Services in Washington, D.C. has stated under oath that "everyone in the real estate industry recognizes Phillip Yun as the person behind Café Phillips."  Exhibit E.  In addition, the name of the restaurant is CAFÉ PHILLIPS, a derivative of Mr. Yun's first name.

- In 2005, Mr. Yun filed the Articles of Organization for P.S. Enterprises, which was organied to own and manage and operate carry-out stores and services;

- Mr. Yun entered into a license agreement for the use of the trade name Café Phillips in September 2009 with Steve and Rachel Park;

- Mr. Yun entered into a license agreement in 2002 with Michael Kim, dba Café Phillips, Inc. regarding use of the trade name Café Phillips;

- Mr. Yun is referred to as the café's titular owner from a 2009 article under www.culturemob.com/washington-dc-noma-union-station-restaurants-cafe-phillips-bid.  This article discusses Mr. Yun's restaurant opening on 77 K Street NE;

- A December 14, 2009 from Washington Business Journal article regarding two new CAFÉ PHILLIPS locations is headlined "Phillip Yun is on a roll, opening 2 more Café Phillips."  The article states that Phillip Yun is the owner of the Café Phillips chain. www.bizjournals.com/washingtonstories/2009/12/14/story5.html

- A 2011 Washington Post article is headlined "Café Phillips chain swiftly expanding in period of low rents," and discusses Phillip Yun's ownership of the Café Phillips franchise, stating that "Yun personally works with the operators in getting the stores up and running to **ensure quality control.**" www.washingtonpost.com/wp-dyn/content/article/2011/07/07/AR2011010705665.

- In a June 11, 2003 article, Café Phillips owner Phillip Yun "promises clients the best coffee in the world." www.rollcall.com/issues/48_101/-1856-1.html.

- www.buzzfile.com identifies Phillip Yun as the contact for the 1201 Pennsylvania Avenue location of CAFÉ PHILLIPS;

- www.corporationwiki.com identifies Phillip Yun as the owner of Café Phillips;

- Mr. Yun's counsel sent correspondence to Ms. Lee in 2011 telling her that he has locations all around the Washington D.C. area and that he has concerns with the quality and service she is providing at her 50 F Street location. There is no reference of any other interest Ms. Lee would have in any other location;

- Mr. Yun's counsel sent correspondence to the owner of the 1201 Pennsylvania Avenue location indicating that that particular owner was in breach of a license agreement with Mr. Yun regarding quality and service issues;

- Mr. Yun owns a Korean registration for CAFÉ PHILLIPS;

- Mr. Yun has signed indemnity agreements and covenants not to compete with other owners, but there is no such agreement with Ms. Lee.

- Mr. Yun owns the domain name www.cafephillips.com. The contact is Chris Lee, Mr. Yun's manager.

Exhibit E.

Mr. Yun does not need to provide evidence of ownership because the agreement between Mr. Yun and Ms. Lee expressly outlines the parties' respective interests.

Under *Sengoku Works Ltd. V. RMC International, Ltd.*, 96 F.3d. 1217 (9th Cir. 1996), discussed in *Emergency One Incorporated v. American Fire Eagle Engine Company*, 332 F.3d 264 (4th Cir. 2003), the Court stated that the first inquiry regarding ownership is whether there is an agreement between the parties. *Sengoku Works,* at 1220. In the absence of an agreement, there would be several factors to determine ownership,

4

(1) which party invented and first affixed the mark onto the product; (2) which party's name appeared with the trademark; (3) which party maintained the quality and uniformity of the product; and (4) with which party the public identified the product and to whom purchasers made complaints. It further stated that courts will also consider which party possesses the goodwill associated with the product or which party the public believes stands behind the product. *Id.*

In this case, the divorce agreement is significant, but even if there were no agreement, Mr. Yun's name is on the product, and consumers identify CAFÉ PHILLIPS with him. *John Curry Skating Co. v. John Curry Skating Co.*, 626 F. Supp. 611 (D.D.C. 1985) [Mr. Curry invented the mark by using his personal name, and the public identified the services with Mr. Curry because his personal name was being used].

Mr. Yun has been identified in news articles as controlling the quality of services under the mark, and he sent a letter to Ms. Lee and another owner that he was dissatisfied with their levels of quality and service.  Furthermore, the news articles referenced in Exhibit E identify Mr. Yun as the owner of CAFÉ PHILLIPS, with no mention of Ms. Lee.  Those articles praise Mr. Yun's ownership efforts with regard to the Café Phillips franchise.

Ultimately, Ms. Lee is trying to enjoin Mr. Yun's use of SANDWICH BY PHILLIPS even though she does not have ownership rights sufficient to do so.  This Court has indicated that ownership is the issue and that all other issues will be resolved after ownership is determined.

Although Mr. Yun believes the divorce agreement is sufficient to show his ownership rights, to further back up his claim, he engaged Pamela Chestek, Esq., one of

5

the foremost experts in trademark ownership issues in the United States.  Ms. Chestek has

written a significant number of articles and posts about trademark ownership, and has

been identified as a "trademark ownership guru" by other practitioners in the field.  ("For

complicated ownership issues, this blogger turns to ownership guru Pamela Chestek").

Exhibit F.  Her treatise, Pamela S. Chestek, "Who Owns the Mark? A Single Framework

for Resolving Trademark Ownership Disputes," 96 Trademark Rptr. 681 (2006) has been

cited by the Trademark Trial and Appeal Board as a guide for resolving trademark

disputes.  Exhibit G.

Ms. Chestek has summarized this case succinctly.  "It is my opinion that Mr. Yun

currently owns the CAFÉ PHILLIPS trademark. Ms. Lee may use the trademark at a

single location, 50 F Street, NW, Washington, D.C. 20001, without interference from Mr.

Yun and she may sell the location to a successor who would also be permitted to use the

CAFÉ PHILLIPS mark without interference from Mr. Yun. However, Ms. Lee has no

right to license the mark to others for use at other locations or to obtain a federal

registration for the Mark."  Exhibit H, Expert Report of Pamela Chestek, Esq., pgh. 45.


## Conclusion

This Court has already ruled upon Ms. Lee's Motion for a Temporary Restraining

Order, and her motions to dismiss.  At this point, Ms. Lee is engaging in activity that only

serves to drain Mr. Yun's financial resources.  Accordingly, Mr. Yun requests that the

Court take decisive action as follows:

1)      Enter Judgment against Ms. Lee based on her complaint against Mr. Kim.

Mr. Kim is a licensee and has been a Defendant this case for too long.

2)      Make a determination that Ms. Lee owns trademark rights as to one location, 50 F Street, and that the divorce agreement grants her no further rights.

3)      Cancel Ms. Lee's trademark registration for CAFÉ PHILLIPS in that she is not the exclusive owner of that mark.

4)      Grant Mr. Yun and Mr. Kim attorneys fees for responding to two Motions for Temporary Restraining Orders and refusing to dismiss Mr. Kim from this proceeding.

Even after this proceeding, Mr. Yun believes that Ms. Lee will continue to harass Mr. Yun, whether it is in this proceeding or beyond.  Mr. Yun respectfully requests that this Court issue an appropriate order deterring this conduct.


Date: July 9, 2014                                  Respectfully submitted,


_____/s/_____
Jon A. Schiffrin, Esq. VSB # 67542
Attorney of Intervening Plaintiff Phillip Yun
and Defendant Michael (Soo Yeol) Kim
Schiffrin & Longo, P.C.
8201 Greensboro Drive, Suite 300
McLean, VA 22102
(703) 288-5248/Telephone
(703) 288-4003/Facsimile
jon@schiffrinlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Response to Plaintiff's Second Motion for Temporary Restraining Order was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NCF) to the following counsel of record this 9th day of July, 2014.

David M. Kelly, Esq.
Stephanie H. Bald, Esq.
Anjie Vichayanonda, Esq.
Kelly IP, LLP
1330 Connecticut Ave., N.W.
Suite 300
Washington, D.C. 20036

/s/ Jon A. Schiffrin_____
Jon A. Schiffrin