UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| Phillip Yun,<br><br>              Intervening Plaintiff,<br><br>Natalie Lee,<br><br>              Plaintiff,<br>v.<br><br>Michael (Soo Yeol) Kim,<br><br>              Defendant. | Civil Action No. 1:14CV91 TSE/IDD |

**AFFIDAVIT**

COMES NOW, Phillip Yun, who after being sworn according to law, states as follows:

1. My name is Phillip Yun and I am part owner of MK Enterprises, LLC, which operates "Sandwiches by Phillip" located 440 First Street, N.W., Washington, D.C. 20001.

2. Prior to this litigation, the current location was to open as "Café Phillips" and was advertised as "Coming Soon Café Phillips" like all other Café Phillips restaurants I have owned, operated, and/or consulted in the Washington, D.C. metropolitan area.

3. I have invested close to $750,000 on opening this restaurant. The projected opening date was July 1, 2014.

4. When Plaintiff filed a Temporary Restraining Order ("TRO"), despite my belief that I would win on the issue of trademark ownership the risk of shutting down a business for even a few days was too great. For example, I have trained and hired all employees who, if TRO is granted, will be on a stand by and will leave if I am unable to pay them after a week, which

1

means I have just wasted all the money and time for training. In addition, any shut down will result in my breaching the lease agreement with the landlord, in which I have committed a ten (10) year lease at a monthly rent of $9,124. If the landlord determines that I am in breach of the lease, the landlord could conceivably demand full year's payment of rent or more; which would not only destroy the business but would ruin me as well. Furthermore, there is the issue of public confidence, which would be greatly damaged if I cannot open as promised. All this is in addition to additional issues a normal businessman faces when attempting to open a store such as applying for permits and license, turning on all utilities, purchasing food items (some perishable), as well as ordering and delivering other restaurant items with various vendors that have been contracted and ready for delivery.

5. Therefore, I decided to change the name of the restaurant to "Sandwiches by Phillip", which is totally different in style and mark from "Café Phillips." Such as, containing image of my face and including words like "established since 1981", all of which Café Phillips logo lacks and is different from the new logo.

6. The TRO was filed on June 20, 2014, the hearing on the TRO was scheduled for June 27, 2014, and the decision to change the name occurred on or about June 22, 2014. In fact, I had a draft of the new logo "Sandwiches by Phillip" on or about June 24, 2014 and I was waiting approval by the landlord as to the use of the new brand name. See Exhibit A, email from Forever One Studio, Inc. regarding new logo.

7. However, I didn't know if the court would grant the TRO despite my changing the name of the restaurant to "Sandwiches by Phillip." The court could have ordered me to shut down the restaurant regardless of any name changes until it ruled on the trademark issue.

2

8. Therefore, although I began making changes to the store name such as hiring a designer for the new logo and ordering signs, I had to wait until the June 27, 2014 court decision to determine if the final details of changes should be made (such as reordering uniform, sandwich bags, etc).

9. On June 27, 2014, when the court dismissed TRO I made good faith efforts to ensure that everything that could have been changed to "Sandwiches by Phillip" was changed prior to opening: which included the big signs in the front window, the front door, inside sign, and the big menu board inside the restaurant. See, Exhibit B, pictures of some of the logo changes on July 1, 2014. Also, on July 2, 2014, I contacted my uniform vendor to order new uniforms with the new logo. See, Exhibit C, emails to G-Land Uniforms.

10. However, changing an entire brand name takes time. While I had taken substantial steps to rebrand the store to Sandwiches by Phillip, I still had outstanding orders regarding uniforms, menus, sandwich bags and tumblers. See Exhibit D, emails with ABC LABELS & PKG, INC.

11. I had previously ordered Café Phillips logo items prior to my decision to change. I decided to temporary use the Café Phillips uniforms until the new orders arrived.

12. I assume Plaintiff hired an investigator to take pictures of the restaurant on the opening day on July 1, 2014. However, to take few pictures and say I violated a court order is a gross misrepresentation of everything I have done to comply with the court order which was rendered just few days before my store opening.

13. I have owned and operated, and worked as a consultant on building Café Phillips since 2001 and I have never considered Café Phillips to belong to anyone but myself. I have worked with numerous vendors, builders, engineers, landlords and brokers, and they all know me

3

to be the owner the trademark Café Phillips and associate me with the brand that I have tirelessly built since 2001. See, Exhibit E, Affidavit by Edwardo Trujillo.

14. When I divorced, I only gave Plaintiff the right to use Café Phillip at 50 F Street store while I maintained the rights to use the trademark everywhere else and anywhere else. In fact, I have opened or helped open three different Café Phillips restaurant, including 440 First Street, while Plaintiff has opened none. The fact that I have openly and publicly used the trademark since our divorce in 2009, and the fact that Plaintiff never asserted her right to the trademark and only recently claimed use of the trademark after she fraudulently obtained it from USPTO is testament to her acknowledgment that I am the true owner.

15. However, as explained above I have invested close to $750,000 on the opening of 440 First Street and I state that as of signing this affidavit I have changed everything in the store to the new logo "Sandwiches by Phillip".

FURTHER YOUR AFFIANT SAYETH NOT.

_____
Phillip Yun

State of _VIRGINIA_
County of _FAIRFAX_ :

**SUBCRIBED AND SWORN BEFORE ME**, the undersigned Notary, ___JASON T HUYNH___ [*name of Notary before whom affidavit is sworn*], on this _15th_ day of ___July___, 20_14_, Phillip Yun, having properly identified himself and of lawful age, who being by me first duly sworn, on his oath stated that he made the above statement.

_____
JASON T HUYNH
Notary Public

My Commission Expires: _May 31st 2015_

JASON T. HUYNH
Notary Public
Commonwealth of Virginia
326907
My Commission Expires May 31, 2015

4